UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRYAN HICKS,

    Plaintiff,

v.                                          Case No. 3:21cv950-MCR-HTC

DEPUTY KIRSTYN LYNN BAISE,
SHERIFF CHIP SIMMONS,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff, Bryan Hicks, filed a complaint attempting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned respectfully recommends this action be DISMISSED under the *Younger* abstention doctrine and for failure to state a claim upon which relief can be granted.

I.     BACKGROUND

Hicks, a pretrial detainee at the Escambia County Jail, filed a § 1983 action, bringing five (5) claims of constitutional violations based on his arrest and prosecution for drug possession with intent to distribute arising from a traffic stop

during which drugs, drug proceeds and drug paraphernalia were discovered. ECF Doc. 1. Plaintiff sues Escambia County Sheriff's Deputy Kirstyn Lynn Baise and the Escambia County Sheriff Chip Simmons, in their official capacities only. The following is taken from Plaintiff's complaint.

On April 16, 2021, Plaintiff was driving a 2021 white Jeep Latitude with Shanekqua Sims in the passenger's seat, and several children in the car. ECF Doc. 1 at 6. Deputy Oliveras (not a defendant) was on traffic patrol and observed the Jeep being driven by Plaintiff, who appeared nervous. *Id.* at 6-7. Oliveras ran the plate and determined the driver was the registered owner and had an active arrest warrant. *Id.* at 7. Oliveras stopped the vehicle, positively identified Plaintiff and placed him in handcuffs for the outstanding warrant. *Id.*

Meanwhile, a witness approached Oliveras and handed over a gray bag the witness stated he saw the front passenger discard from the vehicle. *Id.* When Oliveras reviewed his car's dashcam footage, he saw the gray bag being dropped out of the passenger side window. *Id.*

Defendant Deputy Baise was called to the scene, received the above information from Oliveras, and searched the gray bag. ECF Doc. 1-1 at 2. It contained various illegal drugs. Deputy Baise also searched a red satchel Oliveras collected from Plaintiff, which contained $3,037 in currency. *Id.* at 3-4.

A sergeant (not a defendant) responded to the scene and instructed Deputy Baise to seize the above evidence as well as cell phones, a bill counter, and the vehicle. ECF Doc. 1 at 8. Plaintiff was taken to the Escambia County jail and held on a bond of $161,000. *Id.* at 9.

In his statement of claims, Plaintiff raises five claims: (1) False arrest: the arrest lacked probable cause because there was not particularized proof that he committed the drug offense; (2) denial of substantive due process: felony drug amounts "being (non) substantially pled into law to said information of Plaintiff's not guilty plea, in abatement at (non) valid arraignment an abolished not guilty plea"; (3) unlawful incarceration; (4) false imprisonment; and (5) obstruction of justice. For relief requested, Plaintiff asks for an apology letter from each defendant and compensation equal to the total amount of his bonds, $161.000. *Id.* at 11-12.

## II.   LEGAL STANDARDS

Because Plaintiff is a prisoner seeking relief against governmental employees, the Court has an obligation to review the complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). Dismissals for failure to state a claim under § 1915A are generally governed by the same standard as dismissals under the Federal Rules of Civil Procedure. In screening the complaint, the Court reads Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519 (1972).

### III.   DISCUSSION

Plaintiff's complaint should be dismissed because (1) it involves a pending state criminal proceeding and, thus, the Court should abstain from exercising jurisdiction under the *Younger* doctrine and (2) Plaintiff has not stated a claim against these Defendants.

#### A.   The Court Should Abstain Under *Younger*

Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over a matter that is pending in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those

proceedings." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. at 37).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997). Each of those factors are met here.

The first *Middlesex* factor is met because, subsequent to Plaintiff's arrest, the State charged him with six (6) separate drug offenses, including possession and trafficking of fentanyl, methamphetamines, and marijuana. Those charges are currently pending in the First Judicial Circuit of Court of Florida, Escambia County, in case 2021 CF 1729.[1] The online docket shows that on July 20, 2021, the circuit court set the matter for "DOCKET DAY SET FOR 09/15/2021 AT 10:00 AM."

---

[1] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records, available at the following URL: http://public.escambiaclerk.com.

The second *Middlesex* factor, whether the state proceedings implicate important state interests, also weighs in favor of abstention. As stated above, Plaintiff is charged by the State with drug offenses. The State clearly has an interest in prosecuting violations of its laws. *See*, *e.g.*, *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) ("The ability to prosecute DUI charges is an important state interest . . . ."); *Bullard v. Gonzalez*, 2015 WL 13831711, at *5 (S.D. Fla. Aug. 31, 2015) (finding important state interest in prosecuting crime of battery on police officers and abstaining from civil rights claim for excessive use of force stemming from same incident).

Finally, the third *Middlesex* factor weighs in favor of abstention because Plaintiff will have "an adequate opportunity in the state proceedings to raise constitutional challenges" to his arrest, prosecution and bond. *See Middlesex*, 457 U.S. at 432. An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014). "[I]nterference in pending proceedings is inappropriate unless state law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex*, 457 U.S. at 432). "The burden of showing inadequacy of state procedure for this purpose rests with the

federal 'plaintiff'—here, [Hicks]." *Id.* (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)).

Here, Plaintiff will have the opportunity to challenge the validity of his arrest, detention and bond status in his state criminal case, through state appeals and in state collateral proceedings. Indeed, based on the docket, Plaintiff not only has available remedies to challenge his arrest and bond status, but he has taken advantage of those opportunities. Plaintiff has a pending motion requesting bond in state court, filed June 23, 2021, and a pending motion to set aside capias, dated June 1, 2021.

Thus, this Court should abstain from exercising jurisdiction over Plaintiff's claims.

### B. Official Capacity Claims Against the Deputy and the Sheriff Do Not State a Claim for Which Relief Can Be Granted

Even if the Court were to exercise jurisdiction, Plaintiff's claims nonetheless would be subject to dismissal. As stated above, Plaintiff sues Sheriff Simmons and Deputy Baise only in their official capacities. A suit against a person in their official capacity is to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Thus, because both Defendants are sued in their official capacities, having both Defendants in this case is redundant. *See, e.g.*, *Dixon v. McNesby*, No. 3:08-CV-246-RV/MD, 2009 WL 10674252, at *3 (N.D. Fla. Jan. 6, 2009) (granting motion to dismiss sheriff deputies and officers in their official capacities because their inclusion in the lawsuit was redundant since plaintiff was

also suing the Sheriff in his official capacity); *Cooler v. Escambia Cty. Det. Facilities*, No. 307CV188/RV/MD, 2007 WL 2254304, at *1 (N.D. Fla. Aug. 3, 2007) ("[S]ince plaintiff sues Captain Brenda Chromiak solely in her official capacity as director of the Escambia County Jail, it is duplicative and superfluous to name her as a defendant when Sheriff McNesby is already named in his official capacity."); *Edison v. Florida*, 2007 WL 80831, at *2 (M.D. Fla. Jan. 8, 2007) ("It is well settled that an official capacity suit is essentially a suit against the entity, and is redundant where the entity *or its representative* is a party to the suit." (emphasis added)). In other words, Plaintiff need only name the Sheriff.

However, to impose § 1983 liability on a sheriff in his or her official capacity, a plaintiff must show that an official policy or custom of the sheriff was the "moving force" behind the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). In the complaint, Plaintiff does not allege any custom or policy involving the Sheriff resulted in his arrest. Therefore, Plaintiff cannot maintain an official capacity claim against Sheriff Simmons and allowing Plaintiff to amend the claim would be futile. Of course, it would also be futile to allow Plaintiff to amend his complaint to name the Sheriff in his individual capacity since there are no allegations that Sheriff Simmons was personally involved with Plaintiff's arrest.

Likewise, allowing Plaintiff to amend his complaint to sue Deputy Baise in her individual capacity would also be futile. Plaintiff has not alleged any wrongdoing by Deputy Baise. Instead, the facts alleged merely show that Deputy Baise arrived at the scene, was given information from another deputy, and based on that information and the outstanding arrest warrant on Plaintiff, participated in searching the passenger, seizing certain items from the vehicle, and transporting Plaintiff and the passenger to jail.

Indeed, based on the docket in the state court case, a judge determined there was probable cause to charge Plaintiff at Plaintiff's bond hearing. Probable cause is a complete bar to a claim for false arrest and malicious prosecution. *See Lozman v. City of Riviera Beach*, 39 F. Supp. 3d 1392, 1409 (S.D. Fla. 2014) ("[I]f an arrest is supported by probable cause, the arrestee is absolutely barred from pursuing a § 1983 false arrest claim."); *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dis. Ct. App. 2002) (an element of a claim for malicious prosecution is "lack of probable cause in the original proceeding").

## IV. CONCLUSION

Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the complaint are simply incurable and leave to further amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not

permit amendment where it would be futile to do so").  Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond prior to dismissal.  *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A under the *Younger* abstention doctrine and failure to state a claim.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 26th day of August, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.